IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUANTONIOUS MCDONALD,                                                                 PLAINTIFF
# 1998030210

V.                                                   CIVIL ACTION NO. 3:20-CV-534-DPJ-FKB

CITY OF MERIDIAN POLICE
DEPARTMENT, DETECTIVE PETERSON,
DETECTIVE FIREPLACE, and CITY OF
MERIDIAN                                                          DEFENDANTS

<u>ORDER OF PARTIAL DISMISSAL</u>

This pro se prisoner case is before the Court, sua sponte, for consideration of dismissal. Plaintiff Juantonious McDonald is a pretrial detainee at the Lauderdale County Detention Facility, and he brings this action under 42 U.S.C. § 1983, challenging a search and arrest. Compl. [1] at 4. The Court has considered and liberally construed the pleadings. As set forth below, the claims against Defendant City of Meridian Police Department are dismissed.

I.        Background

McDonald claims that on November 9, 2018, Defendant Detective Peterson "fabricated a story" to gain consent to search a home McDonald shared with his mother. Pl.'s Resp. [7] at 1. Peterson allegedly lied and told McDonald's mother that McDonald had confessed to robbing a store and that the gun he used was in the home's basement. *Id.* McDonald says this misled his mother into giving consent to search the home; nothing was found. *Id.* McDonald further claims there was neither a warrant nor probable cause to justify the search. *Id.*

McDonald also challenges his subsequent arrest, claiming that in December 2019, Detective Fireplace arrested him for the robbery without evidence and even though two witnesses had exonerated McDonald. *Id.* McDonald further accuses Fireplace of lying at the

probable-cause hearing. *Id.* Specifically, he says Fireplace falsely testified that one of the two exonerating witnesses identified McDonald as the robber. *Id.* at 1–2.

Feeling aggrieved, McDonald sued Detectives Peterson and Fireplace along with the Meridian Police Department and the City of Meridian. He asserts claims under § 1983 for alleged Fourth Amendment violations and seeks damages and injunctive relief. Compl. [1] at 4.

II. Discussion

The Prison Litigation Reform Act (PLRA) of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. Under the PLRA,

> the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted McDonald to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, this case is brought against the Meridian Police Department. In Mississippi, a police department is not a separate legal entity which may be sued, rather it is an

extension of the city.  Miss. Code Ann. § 21-17-1(1) (municipalities are distinct legal entities); Miss. Code Ann. § 21-21-1 (municipalities may create and fund police departments); *see also Brown v. Thompson*, 927 So. 2d 733, 737 (sheriff's department is not a separate legal entity). Therefore, the Police Department is dismissed.

Magistrate Judge F. Keith Ball had notified McDonald of the above authority and gave him the opportunity to state a cause of action against the City of Meridian.  While McDonald did not voluntarily dismiss the Police Department, he did add the City as a Defendant, indicating he wishes to bring § 1983 claims against it.  Therefore, the claims against the Police Department will be construed as against the City.  The Court expresses no opinion on the merits of McDonald's claims against the City.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the claims against the Meridian Police Department are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.  The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED** this the 7th day of December, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE